**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

BRENDA PARRISH, Individually, and as
Administratrix of the Estate of KYLE J.
PARRISH,

               Plaintiff,

     v.

MEDTRONIC USA, INC., MEDTRONIC,
INC., and HEARTWARE INTERNATIONAL,
INC.,

               Defendants.

Case No. _____

**Removed from the Court of Common Pleas
Cuyahoga County, Ohio
Case No. CV 19 925816**

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF THE COURT:

     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Medtronic USA, Inc.

("Medtronic USA"), Medtronic, Inc. ("Medtronic"), and HeartWare International Inc.

("HeartWare") [collectively, "Defendants"], with full reservation of any and all defenses,

objections, and exceptions, including, without limitation, objections to service, venue, and statute

of limitations, hereby remove the above-captioned case from the Court of Common Pleas of

Cuyahoga County, Ohio, where it is currently pending, to the United States District Court for the

Northern District of Ohio, Eastern Division.

     In further support of, and as grounds for, this Notice of Removal, Defendants show the

Court as follows:

## BACKGROUND

1.      On or about November 26, 2019, Plaintiff Brenda Parrish, individually and as administratrix of the Estate of Kyle J. Parrish, commenced a civil action against Defendants, among others,[1] by filing a Complaint ("Complaint" or "Compl.") in the Court of Common Pleas in Cuyahoga County, Ohio, where the matter was assigned Case No. CV 19 925816. (*See* Compl., attached as Exhibit A.)

2.      On or about December 4, 2019, Plaintiff effected service of the Complaint upon Defendants via process server.

3.      Defendants file this Notice of Removal within thirty (30) days after said action became removable under the applicable statutes.

## BASES FOR REMOVAL

4.      Removal to federal court is appropriate here under 28 U.S.C. § 1441 because: (1) this Court has subject matter jurisdiction because the parties are completely diverse and the amount-in-controversy requirement is satisfied; and (2) Defendants have satisfied the procedural requirements for removal.

**I.      THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PARTIES ARE COMPLETELY DIVERSE, AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

---

[1]      Plaintiff's Complaint also names ten fictitious defendants as "John Doe, Inc. [sic] 1-10." For purposes of determining whether an action is removable under 28 U.S.C. § 1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

A.    **The Parties are Completely Diverse.**

6.    A person is a citizen of the state where that person is domiciled, that is, where the person has established his or her permanent and principal home, to which he or she intends to return whenever away. *MacDonald v. GMC*, 110 F.3d 337, 343 (6th Cir. 1997).

7.    According to the Complaint, Plaintiff is a citizen and resident of Ohio. (Compl. ¶ 1.)

8.     A corporation is a citizen of both the state where it is incorporated and the state where its principal place of business is located. *Rapier v. Union City Non-Ferrous, Inc*., 197 F. Supp. 2d 1008, 1014 (S.D. Ohio 2002).

9.    Medtronic USA is a corporation incorporated under the laws of Minnesota and maintains its principal place of business in Minnesota. Accordingly, Medtronic USA is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1).

10.    Medtronic, Inc. is a corporation incorporated under the laws of Minnesota and maintains its  principal place of business in Minnesota. Accordingly, Medtronic, Inc. is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1).

11.    HeartWare is a corporate incorporated under the laws of Delaware and maintains its principal place of business in Massachusetts. Accordingly, HeartWare is a citizen of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

12.    In accordance with 28 U.S.C. § 1332(a), complete diversity of citizenship exists because Plaintiff is not a citizen of any of the states of which any of the Defendants is a citizen. Furthermore, this action is removable because none of the Defendants is a citizen of Ohio, the state in which this action was commenced. *See* 28 U.S.C. § 1441(b).

3

13.     Finally, as reflected by the Notice of Removal by Defendants, all defendants whose citizenship is regarded for purposes of removal, *see* 28 U.S.C. § 1441(b)(1), consent to this removal.

**B.      The Amount-In-Controversy Requirement is Satisfied.**

14.     Given the plain language of Plaintiff's Complaint, it is clear that the amount in controversy exceeds $75,000.

15.     Plaintiff's claims against Defendants sound in wrongful death and products liability. Plaintiff seeks monetary damages arising from the death of Kyle J. Parrish, allegedly caused by ventricular assist medical devices and related equipment and accessories manufactured and distributed in the United States by Defendants. Defendants deny that they are liable to Plaintiff, and deny that they or their products caused or contributed to the damages alleged by Plaintiff in any manner whatsoever.

16.     Plaintiff claims that Defendants' products "were found to be defective, malfunctioned or otherwise failed while in use by Plaintiff Kyle Parrish, such devices were subject to Class I recalls to specifically include Class I recall by the FDA on May 2, 2018, and were defective, malfunctioned, or otherwise failed in a manner contemplated by said Class I recalls." (Compl. ¶ 12).

17.     Plaintiff asserts causes of action for wrongful death (Compl. ¶¶ 1-14), product liability (*id.* ¶¶ 15-30), and punitive damages (*id.* ¶¶ 31-33).

18.     According to the Complaint, the beneficiaries and next of kin of Mr. Parrish have suffered damages for "the loss of services for the time that he was expected to live," "the loss of society over his life expectancy, including the loss of companionship, care, assistance, attention, advice, counsel, guidance, comfort, society, and consortium," "mental anguish caused by his death

and pain and suffering," and other damages recoverable under Ohio law. (Compl. ¶¶ 4-7.) Plaintiff further alleges that "Plaintiff sustained serious personal injuries, emotional distress, psychological injuries, distress, economic losses, medical expenses, disability, expense [sic], non-economic damages, economic losses, permanent and fatal injuries, conscious pain and suffering, along with mental anguish from the time of the negligence until present." (*Id.* ¶ 30.)

19.   Plaintiff prays for a judgment "in an amount in excess of Twenty-five Thousand Dollars ($25,000), together with interest, costs, expenses, and any other relief that this Court deems proper and that justice requires." (*Id*. p. 8, WHEREFORE).

20.   The amount-in-controversy requirement is met. Where the plaintiff's pleadings are insufficient to determine the amount in controversy, the court may consider the allegations of the petition of removal and/or make an independent evaluation of the monetary value of the claim. *See Chamberlain v. Am. Tobacco Co.*, 70 F. Supp. 2d 788, 801 (N.D. Ohio 2005). Indeed, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Stapleton v. Skyline Terrace Apartments*, No. 5:17-CV-02207, 2018 WL 1315151, at *1 (N.D. Ohio Mar. 14, 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)). "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Davis v. Kindred Nursing Ctrs. E., L.L.C.*, No. 2:05-CV-1128, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006).

21.   Further, courts should consider whether it is "facially apparent" from the allegations in the complaint whether the damages are likely above the jurisdictional amount in controversy. *Monvoy v. Cont'l Airlines, Inc.*, No. 2:09-CV-072, 2009 WL 1687929, at *1 (S.D. Ohio June 12, 2009). The injuries Plaintiff alleges demonstrate that it is more likely than not that

the amount in controversy exceeds $75,000. *See id.* at **2-3 (holding that amount in controversy was likely to exceed the jurisdictional threshold where complaint alleged permanent physical injury, great pain and emotional suffering, and past and future medical expenses). Although Plaintiff has not yet produced records substantiating her claims, the judicial threshold requirement of $75,000 is likely to be easily met if Plaintiff's claims are successful. Consequently, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's alleged claims meet the amount in controversy threshold of $75,000. *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) ("a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.'").

22. Here, as in *Monvoy*, Plaintiff brings claims for "serious personal injuries, emotional distress, psychological injuries, distress, economic losses, medical expenses, disability, expense [sic], non-economic damages, economic losses, permanent and fatal injuries, conscious pain and suffering, along with mental anguish from the time of the negligence until present." (Compl. ¶ 30.) In the instant action, Plaintiff also seeks to recover punitive damages, further supporting a finding that the amount in controversy exceeds the jurisdictional threshold. *See Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *2 (N.D. Ohio June 11, 2009) (holding that where plaintiffs made claims for future physical and emotional pain and suffering, mental anguish, and medical expenses the amount in controversy will more likely than not exceed $75,000, especially when considering the request for punitive damages.)

23. Although Rule 8 of the Ohio Rules of Civil Procedure requires parties to "set forth a claim for relief," this requirement does not limit the amount of damages plaintiffs may seek or recover. *See* Ohio R. Civ. Pro. 8. It follows that Plaintiff cannot, absent a further showing, avoid

6

removal by pleading for damages under the jurisdictional amount where defendants are able to show that it is "facially apparent" that the amount in controversy exceeds $75,000. *Superior Fibers LLC v. Shaffer*, No. 2:16-CV-00472, 2016 WL 7469623, at **4-5 (S.D. Ohio Dec. 28, 2016). It should be noted that Plaintiff did not submit any stipulation limiting the amount of damages with her complaint, and consideration of any new stipulation Plaintiff may attempt to submit would be improper for a removal analysis. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872-73 (6th Cir. 2000) (holding that events occurring after removal that reduced the amount in controversy did not oust jurisdiction, thus plaintiff's post-removal concessions had no impact on jurisdiction).

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL, AND REMOVAL IS THEREFORE PROPER.

24.     No previous application has been made for the relief requested herein.

25.     Plaintiff served the Summons and Complaint on December 4, 2019 via process server. Defendants file this Notice of Removal on December 30, 2019. Consequently, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446 because it is being filed within thirty (30) days after service on Defendants of the Complaint.

26.     Defendants' Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a). The United States District Court for the Northern District of Ohio embraces the Court of Common Pleas of Cuyahoga County, Ohio, where Plaintiff's action is pending. *See* 28 U.S.C. § 115(a)(1).

27.     As required by 28 U.S.C. § 1446(a), true and correct copies of all records and proceedings filed in the state court action, including Plaintiff's Summons and Complaint, are annexed hereto as <u>Exhibit A</u>.

28.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Common Pleas Court of Cuyahoga County, Ohio, where Plaintiff's

action is pending. Copies of this Notice of Removal and the written notice of same are also being served on Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

<div align="center">

**<u>CONCLUSION</u>**

</div>

29.     Removal of this case is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000. This action thus is properly removed to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendants respectfully remove this action to the United States District Court for the Northern District of Ohio from the Court of Common Pleas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: December 30, 2019

<div align="right" style="width:50%; margin-left:50%;">

**ULMER & BERNE LLP**

*/s/ Paul J. Cosgrove*
Paul J. Cosgrove (0073160)
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5000 (*telephone*)
(513) 698-5001 (*facsimile*)
pcosgrove@ulmer.com

Georgia Hatzis (0092964)
ULMER & BERNE LLP
1660 W. 2nd Street, Suite 1100
Cleveland, OH  44113
(216) 583-7000 (*telephone*)
(216) 583-7001 (*facsimile*)
ghatzis@ulmer.com

Daniel I.A. Smulian (*pro hac vice* to be filed)
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue, 39th Floor
New York, New York 10166
(212) 801-2271 (*telephone*)
SmulianD@gtlaw.com

</div>

Marcella C. Ducca (0084104)
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-7375 (*telephone*)
DuccaM@gtlaw.com

*Attorneys for Defendants Medtronic USA,
Inc., Medtronic, Inc., and HeartWare
International Inc.*

## CERTIFICATE OF SERVICE

I, Paul J. Cosgrove, an attorney admitted to practice law in the State of Ohio, and a member of good standing of the bar of this Court, hereby certify that on this 30th day of December, 2019:

1.      I caused true and correct copies of the foregoing to be filed with the Court using the CM/ECF system;

2.      I further caused true and correct copies of the foregoing to be served via First Class U.S. Mail, with adequate postage prepaid, and via electronic mail to the physical and electronic mail address set forth below:

<div align="center">

**Paul G. Perantinides**
**Matthew A. Mooney**
PERANTINIDES & NOLAN CO., L.P.A.
300 Courtyard Square
80 South Summit Street
Akron, Ohio 44308-1736
paul@perantinides.com
mmooney@perantinides.com

</div>

*/s/ Paul J. Cosgrove*
Paul J. Cosgrove (0073160)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5000 (*telephone*)
pcosgrove@ulmer.com

*One of the Attorneys for Defendants*
*Medtronic USA, Inc., Medtronic, Inc., and*
*HeartWare International Inc.*