# **EXHIBIT A**



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Vicki Ann Swanson<br>Medtronic<br>710 Medtronic Pkwy<br>Minneapolis, MN 55432-5603 |
| **Electronic copy provided to:** | Jackie Hiltner |
| **Entity:** | Medtronic, Inc.<br>Entity ID Number  3810357 |
| **Entity Served:** | Medtronic, Inc. |
| **Title of Action:** | Brenda Parrish, as Administratrix of the Estate of Kyle J. Parrish vs. Medtronic USA,  Inc. |
| **Matter Name/ID:** | Brenda Parrish, as Administratrix of the Estate of Kyle J. Parrish vs. Medtronic USA,  Inc. (9821424) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Cuyahoga County Court of Common Pleas, OH |
| **Case/Reference No:** | CV19925816 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 12/02/2019 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Federal Express |
| Sender Information: | Matthew A. Mooney<br>330-253-5454 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19925816 | D2 FX | 40449850 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| BRENDA PARRISH, INDIVIDUALLY ETC. | PLAINTIFF |
|---|---|
| VS | |
| MEDTRONIC USA, INC. ET AL | DEFENDANT |

## SUMMONS

MEDTRONIC, INC.
CO CORPORATION SERVICE COMPANY, S/A
50 W. BROAD ST, SUITE 1330
COLUMBUS OH 43215

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



**Plaintiff's Attorney**

MATTHEW A. MOONEY
80 SOUTH SUMMIT ST

STE 300
AKRON, OH 44308-0000

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOSEPH D RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Nov 26, 2019 |

By_____
Deputy

COMPLAINT FILED   11/26/2019



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**November 26, 2019 10:01**

By: MATTHEW A. MOONEY 0093332

Confirmation Nbr. 1879189

BRENDA PARRISH, INDIVIDUALLY ETC.

vs.

MEDTRONIC USA, INC. ET AL

CV 19 925816

**Judge:**  JOSEPH D. RUSSO

Pages Filed:  9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| BRENDA PARRISH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF KYLE J. PARRISH 417 Deersville Rd. Uhrichville OH 44683 )<br><br>Plaintiff )<br><br>vs. )<br><br>MEDTRONIC USA, INC. c/o Corporation Service Company, Statutory Agent 50 W. Broad St, Suite 1330 Columbus, OH 43215 )<br><br>and )<br><br>MEDTRONIC, INC. c/o Corporation Service Company, Statutory Agent 50 W. Broad St, Suite 1330 Columbus, OH 43215 )<br><br>and )<br><br>HEARTWARE INTERNATIONAL INC. 500 Old Connecticut Path Framingham, MA  01701 )<br><br>and )<br><br>JOHN DOE, INC. 1-10 c/o Medtronic USA, Inc. 50 W. Broad St, Suite 1330 Columbus, OH 43215 )<br><br>Defendants ) | CASE NO. _____<br><br>JUDGE _____<br><br><br><br><br>**COMPLAINT**<br><br><br>**Type:  TORT; PRODUCT LIABILITY;**<br>**WRONGFUL DEATH**<br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

Now comes the Plaintiff, Brenda Parrish, Individually and as Administratrix

of the Estate of Kyle J. Parrish, by and through undersigned Counsel, and for her

Complaint states the following:

## FIRST CAUSE OF ACTION
(Wrongful Death)

1.      At all times referenced herein, Plaintiff Brenda Parrish, Individually and as Administratrix of the Estate of Kyle J. Parrish, was a resident of the City of Uhrichsville, County of Tuscarawas, and the State of Ohio.

2.      Plaintiff was appointed Administratrix of the Estate of Kyle J. Parrish, Deceased, by the Probate Court of Tuscarawas County, Ohio being Case Number 2018 ES 59626.  The Plaintiff brings this action as personal representative for the exclusive benefit of the surviving next of kin of the Decedent, Kyle J. Parrish.

3.      That as a direct and proximate result of the joint, combined, and concurrent negligence, recklessness, willful and wanton conduct of the Defendants, their agents, servants and employees, the Decedent, Kyle J. Parrish died on November 27, 2017.  Kyle J. Parrish is survived  by  Brenda Parrish and other next of kin, all whom are beneficiaries of this action.

4.      The beneficiaries and next of kin of Kyle J. Parrish have suffered damages for the loss of services for the time that he was expected to live.

5.      The beneficiaries of Kyle J. Parrish have suffered damages for the loss of society over his life expectancy, including the loss of companionship, care, assistance, attention, advice, counsel, guidance, comfort, society, and consortium.

6.      The beneficiaries and next of kin of Kyle J. Parrish have suffered damages for the mental anguish caused by his death and his pain and suffering.

7.      The beneficiaries and next of kin of Kyle J. Parrish have suffered damages which are otherwise recoverable under O.R.C. 2125.02.

8.      That the Estate of Kyle J. Parrish has incurred reasonable funeral and burial expenses.

9.      All named Defendants are engaged in the manufacture, marketing, sale and distribution of ventricular assist medical devices along with related accessories and services to consumers and the public at large through medical services providers, healthcare systems, surgical services providers, and/or other entities involved in the commercial market of medical devices in the State of Ohio.

10.      All named Defendants are authorized to do business and are doing business in the State of Ohio, including Cuyahoga County.

11.      All named Defendants sold, marketed and/or distributed ventricular assist medical device(s) and/or batteries(s) and/or ventricular assist medical device power system(s) and/or battery recharging systems(s) and/or accompanying equipment/accessories/component parts used by Plaintiff Kyle Parrish on or about November 27, 2017 (hereinafter referred to as "Products").

12.      All named Defendants' aforementioned Products were found to be defective, malfunctioned or otherwise failed while in use by Plaintiff Kyle Parrish, such devices were subject to Class I recalls to specifically include Class I recall by the FDA on May 2, 2018, and were defective, malfunctioned, or otherwise failed in a manner contemplated by said Class I recalls.

13.      Prior to receiving Pre-Market Approval from the FDA, Defendants knew that the Products were defective, malfunctioning or otherwise failing in the manner contemplated in the Class I recalls described in Paragraph 12, however willfully and knowingly withheld knowledge of the defect, malfunction or failure from the FDA in

direct violation of federal law including but not limited to Section 513(a) of the Federal Food, Drug & Cosmetic Act.

14.    Defendants John Doe Inc. 1-10 are individuals, corporations and/or legal entities that sold, marketed and/or distributed defective, malfunctioning or otherwise failing Products in the State of Ohio to consumers, including Plaintiff, the identity of such Defendants being unknown despite diligent efforts to ascertain their identities.

## SECOND CAUSE OF ACTION
### (Product Liability)

15.    Plaintiff realleges and reavers all of the allegations contained in Paragraph 1 - 14 as if fully rewritten herein.

16.    All named Defendants acting by and through their authorized agents, employees and servants, were negligent and/or careless in the design, testing, formulation, manufacture, product warning and/or modification of the aforesaid Products.

17.    All named Defendants failed to exercise reasonable care to prevent the Products from creating an unreasonable risk of harm to the Plaintiff while it was being used in a manner in which Defendant should have reasonably expected.

18.    All named Defendants failed to exercise reasonable care in the design, testing, manufacture, construction, marketing, product warning and or modification of the Products to assure that it was safe for its intended use.  Such negligent design, testing, manufacture, modification, marketing, product warning, and distribution of the aforesaid Products by these Defendants was unreasonably and inherently dangerous to human health and safety which existed at the time the Products left the hands of these Defendants until it caused injury and harm to Plaintiff.

19.     All named Defendants maliciously, recklessly and negligently failed to exercise ordinary care in the testing, manufacture, formulation, design, modification, marketing, product warning and/or distribution of the aforementioned Products.

20.     All named Defendants maliciously, recklessly and negligently failed to exercise reasonable care in warning consumers, to include the Plaintiff, of the risks, dangers and/or defects existing of said Products, as they knew or should have known of the defects and inherent dangers of said Products.

21.     All named Defendants maliciously, recklessly and negligently failed to exercise reasonable care in post marketing warnings as to the risks, dangers and/or defects existing in said Products or they knew or should have known the defects and inherent dangers of said Products.

22.     All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants, their agents, servants and/or employees was defective in testing, manufacture, formulation, and/or design that when said Products left the hands and control of these Defendants, it deviated materially from the industry performance standards, and/or differed from otherwise identical units manufactured to the same design formula and/or specifications.

23.     All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants was defective in design and/or formulation in that, when it left the hands and control of these Defendants, the foreseeable risk of harm i.e., malfunctioning and/or catastrophic explosion of these Defendants' aforementioned Products associated with the design and/or formulation, exceeded its benefits.

24.     All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants was defective in design and/or formulation in that, when said Products left the hands and control of these Defendants, said Products were more dangerous than an ordinary and reasonably prudent consumer would expect when used in its reasonably foreseeable manner.

25.     All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective due to inadequate warning and/or instruction, that when said Products left the hands and control of these Defendants, these Defendants knew or should have known that the Products were such to create an unreasonable risk of harm to consumers, and these Defendants failed to exercise reasonable care to warn of said risks.

26.     All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective due to inadequate post market warnings and/or instructions in that, when said Products left the hands and control of these Defendants, these Defendants knew or should have known of the risks involved with the use of said Products and failed to exercise reasonable care to provide adequate warning(s).

27.     All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective in that, when said Products left the hands and control of these Defendants, said Products did not conform to representations of these Defendants that said

Products were safe for use by or on consumers, which the Plaintiff relied upon while using these Defendants' Products, which resulted in injury, harm, and damage.

28.     Prior to receiving Pre-Market Approval from the FDA, all named Defendants knew that the Products were defective, malfunctioning or otherwise failing in the manner contemplated in the Class I recalls described in Paragraph 12, however willfully and knowingly withheld knowledge of the defect, malfunction or failure from the FDA in direct violation of federal law including but not limited to Section 513(a) of the Federal Food, Drug & Cosmetic Act.

29.     As a direct and proximate result of the tortious conduct of all Defendants, their agents, servants and/or employees violated ORC §2307.72 through §2307.80.

30.     As a direct and proximate result of the defective condition of these Defendants' Products which were manufactured, designed, tested, modified, marketed and/or distributed by these Defendants, and the tortious conduct of these Defendants, Plaintiff sustained serious personal injuries, emotional distress, psychological injuries, distress, economic losses, medical expenses, disability, expense, non-economic damages, economic losses, permanent and fatal injuries, conscious pain and suffering, along with mental anguish from the time of the negligence until present.

## THIRD CAUSE OF ACTION
(Punitive Damages)

31.     Plaintiff realleges and reavers all of the allegations contained in Paragraph 1 - 30 as if fully rewritten herein.

32.     The above referenced acts of Defendants, their agents, servants and/or employees were willful and malicious, in that these Defendants' conduct was carried on with a conscious, reckless and/or flagrant disregard for the safety and rights of the

Plaintiff. The unconscionable conduct of these Defendants, their agents, servants and/or employees thereby warrants assessment of exemplary and punitive damages.

33. The conduct of these Defendants, their agents, servants and/or employees was flagrant, willful, wanton, malicious and reckless; and these Defendants' conduct was carried on with the conscious and flagrant disregard of the risk of serious injury or damages to the consumer and/or patient; the risk of serious bodily injury, and therefore warrants punitive damages.

WHEREFORE, Plaintiff prays for judgment against the above-named Defendants, agents, servants and/or employees jointly and severally, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with interest, costs, expenses, and any other relief that this Court deems proper and that justice requires.

Respectfully submitted,

PERANTINIDES & NOLAN CO., L.P.A.

/s/ Matthew A. Mooney
PAUL G. PERANTINIDES (0006618)
MATTHEW A. MOONEY (0093332)
Attorneys for Plaintiff
300 Courtyard Square
80 South Summit Street
Akron, OH 44308-1736
(330) 253-5454
(330) 253-6524 Fax
Email: paul@perantinides.com
        mmooney@perantinides.com

## **JURY DEMAND**

Plaintiff herein hereby demands a trial by jury on all issues contained in Plaintiff's

Complaint.

/s/ Matthew A. Mooney
PAUL G. PERANTINIDES (0006618)
MATTHEW A. MOONEY (0093332)
Attorneys for Plaintiff

PGP/MAM:nd



ORIGIN ID:BKLA     (216) 443-7950
CCOC

1200 ONTARIO

CLEVELAND, OH 44113
UNITED STATES US

SHIP DATE: 26NOV19
ACTWGT: 1.00 LB
CAD: 106501655/WSXI2900

BILL SENDER

TO  **MEDTRONIC, INC.**

**CO CORPORATION SERVICE COMPANY, S/A**
**50 W. BROAD ST, SUITE 1330**
**COLUMBUS OH 43215**
(216) 443-7950              REF: CV19925816
INV: 40449850
PO:                          DEPT:



FedEx
Express

**E**

MON - 02 DEC 4:30P
EXPRESS SAVER
DSR
43215
TRK#
0201  **7783 2125 2083**

**SX GQQA**        OH-US  **LCK**



**Extremely Urgent**

RT **706**
FZ **707**    **4**
16:30    C



**SOP / ALL**
**Transmittal Number: 20782383**
**Date Processed: 12/04/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Vicki Ann Swanson<br>Medtronic<br>710 Medtronic Pkwy<br>Minneapolis, MN 55432-5603 |
| **Electronic copy provided to:** | Jackie Hiltner |

| | |
|---|---|
| **Entity:** | Medtronic USA, Inc.<br>Entity ID Number  3810351 |
| **Entity Served:** | Medtronic USA, Inc. |
| **Title of Action:** | Brenda Parrish, as Administratrix of the Estate of Kyle J. Parrish vs. Medtronic USA,  Inc. |
| **Matter Name/ID:** | Brenda Parrish, as Administratrix of the Estate of Kyle J. Parrish vs. Medtronic USA,  Inc. (9821424) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Cuyahoga County Court of Common Pleas, OH |
| **Case/Reference No:** | CV19925816 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 12/02/2019 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Federal Express |
| Sender Information: | Matthew A. Mooney<br>330-253-5454 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| CASE NO.<br>CV19925816 | D1 FX | SUMMONS NO.<br>40449849 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

BRENDA PARRISH, INDIVIDUALLY ETC.  **PLAINTIFF**
                    VS
      MEDTRONIC USA, INC. ET AL      **DEFENDANT**

## SUMMONS

MEDTRONIC USA, INC.
CO CORPORATION SERVICE COMPANY, S/A
50 W. BROAD ST, SUITE 1330
COLUMBUS OH 43215

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

MATTHEW A. MOONEY
80 SOUTH SUMMIT ST

STE 300
AKRON, OH 44308-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOSEPH D RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT<br>Nov 26, 2019 |
|---|

By_____
                  Deputy

COMPLAINT FILED  11/26/2019



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
November 26, 2019 10:01

By: MATTHEW A. MOONEY 0093332

Confirmation Nbr. 1879189

BRENDA PARRISH, INDIVIDUALLY ETC.                    CV 19 925816

vs.

MEDTRONIC USA, INC. ET AL                    **Judge:**  JOSEPH D. RUSSO

Pages Filed:  9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| BRENDA PARRISH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF KYLE J. PARRISH 417 Deersville Rd. Uhrichville OH 44683       Plaintiff<br><br>vs.<br><br>MEDTRONIC USA, INC. c/o Corporation Service Company, Statutory Agent 50 W. Broad St, Suite 1330 Columbus, OH 43215<br><br>and<br><br>MEDTRONIC, INC. c/o Corporation Service Company, Statutory Agent 50 W. Broad St, Suite 1330 Columbus, OH 43215<br><br>and<br><br>HEARTWARE INTERNATIONAL INC. 500 Old Connecticut Path Framingham, MA 01701<br><br>and<br><br>JOHN DOE, INC. 1-10 c/o Medtronic USA, Inc. 50 W. Broad St, Suite 1330 Columbus, OH 43215<br><br>      Defendants | CASE NO. _____<br><br>JUDGE _____<br><br><br><br>**COMPLAINT**<br><br><br>**Type: TORT; PRODUCT LIABILITY;     WRONGFUL DEATH**<br><br>**JURY DEMAND ENDORSED HEREON** |

Now comes the Plaintiff, Brenda Parrish, Individually and as Administratrix of the Estate of Kyle J. Parrish, by and through undersigned Counsel, and for her Complaint states the following:

1

## FIRST CAUSE OF ACTION
(Wrongful Death)

1.      At all times referenced herein, Plaintiff Brenda Parrish, Individually and as Administratrix of the Estate of Kyle J. Parrish, was a resident of the City of Uhrichsville, County of Tuscarawas, and the State of Ohio.

2.      Plaintiff was appointed Administratrix of the Estate of Kyle J. Parrish, Deceased, by the Probate Court of Tuscarawas County, Ohio being Case Number 2018 ES 59626.  The Plaintiff brings this action as personal representative for the exclusive benefit of the surviving next of kin of the Decedent, Kyle J. Parrish.

3.      That as a direct and proximate result of the joint, combined, and concurrent negligence, recklessness, willful and wanton conduct of the Defendants, their agents, servants and employees, the Decedent, Kyle J. Parrish died on November 27, 2017.  Kyle J. Parrish is survived  by  Brenda Parrish and other next of kin, all whom are beneficiaries of this action.

4.      The beneficiaries and next of kin of Kyle J. Parrish have suffered damages for the loss of services for the time that he was expected to live.

5.      The beneficiaries of Kyle J. Parrish have suffered damages for the loss of society over his life expectancy, including the loss of companionship, care, assistance, attention, advice, counsel, guidance, comfort, society, and consortium.

6.      The beneficiaries and next of kin of Kyle J. Parrish have suffered damages for the mental anguish caused by his death and his pain and suffering.

7.      The beneficiaries and next of kin of Kyle J. Parrish have suffered damages which are otherwise recoverable under O.R.C. 2125.02.

2

8.      That the Estate of Kyle J. Parrish has incurred reasonable funeral and burial expenses.

9.      All named Defendants are engaged in the manufacture, marketing, sale and distribution of ventricular assist medical devices along with related accessories and services to consumers and the public at large through medical services providers, healthcare systems, surgical services providers, and/or other entities involved in the commercial market of medical devices in the State of Ohio.

10.      All named Defendants are authorized to do business and are doing business in the State of Ohio, including Cuyahoga County.

11.      All named Defendants sold, marketed and/or distributed ventricular assist medical device(s) and/or batteries(s) and/or ventricular assist medical device power system(s) and/or battery recharging systems(s) and/or accompanying equipment/accessories/component parts used by Plaintiff Kyle Parrish on or about November 27, 2017 (hereinafter referred to as "Products").

12.      All named Defendants' aforementioned Products were found to be defective, malfunctioned or otherwise failed while in use by Plaintiff Kyle Parrish, such devices were subject to Class I recalls to specifically include Class I recall by the FDA on May 2, 2018, and were defective, malfunctioned, or otherwise failed in a manner contemplated by said Class I recalls.

13.      Prior to receiving Pre-Market Approval from the FDA, Defendants knew that the Products were defective, malfunctioning or otherwise failing in the manner contemplated in the Class I recalls described in Paragraph 12, however willfully and knowingly withheld knowledge of the defect, malfunction or failure from the FDA in

direct violation of federal law including but not limited to Section 513(a) of the Federal Food, Drug & Cosmetic Act.

14.     Defendants John Doe Inc. 1-10 are individuals, corporations and/or legal entities that sold, marketed and/or distributed defective, malfunctioning or otherwise failing Products in the State of Ohio to consumers, including Plaintiff, the identity of such Defendants being unknown despite diligent efforts to ascertain their identities.

## SECOND CAUSE OF ACTION
(Product Liability)

15.     Plaintiff realleges and reavers all of the allegations contained in Paragraph 1 - 14 as if fully rewritten herein.

16.     All named Defendants acting by and through their authorized agents, employees and servants, were negligent and/or careless in the design, testing, formulation, manufacture, product warning and/or modification of the aforesaid Products.

17.     All named Defendants failed to exercise reasonable care to prevent the Products from creating an unreasonable risk of harm to the Plaintiff while it was being used in a manner in which Defendant should have reasonably expected.

18.     All named Defendants failed to exercise reasonable care in the design, testing, manufacture, construction, marketing, product warning and or modification of the Products to assure that it was safe for its intended use.  Such negligent design, testing, manufacture, modification, marketing, product warning, and distribution of the aforesaid Products by these Defendants was unreasonably and inherently dangerous to human health and safety which existed at the time the Products left the hands of these Defendants until it caused injury and harm to Plaintiff.

19.   All named Defendants maliciously, recklessly and negligently failed to exercise ordinary care in the testing, manufacture, formulation, design, modification, marketing, product warning and/or distribution of the aforementioned Products.

20.   All named Defendants maliciously, recklessly and negligently failed to exercise reasonable care in warning consumers, to include the Plaintiff, of the risks, dangers and/or defects existing of said Products, as they knew or should have known of the defects and inherent dangers of said Products.

21.   All named Defendants maliciously, recklessly and negligently failed to exercise reasonable care in post marketing warnings as to the risks, dangers and/or defects existing in said Products or they knew or should have known the defects and inherent dangers of said Products.

22.   All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants, their agents, servants and/or employees was defective in testing, manufacture, formulation, and/or design that when said Products left the hands and control of these Defendants, it deviated materially from the industry performance standards, and/or differed from otherwise identical units manufactured to the same design formula and/or specifications.

23.   All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants was defective in design and/or formulation in that, when it left the hands and control of these Defendants, the foreseeable risk of harm i.e., malfunctioning and/or catastrophic explosion of these Defendants' aforementioned Products associated with the design and/or formulation, exceeded its benefits.

5

24.     All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants was defective in design and/or formulation in that, when said Products left the hands and control of these Defendants, said Products were more dangerous than an ordinary and reasonably prudent consumer would expect when used in its reasonably foreseeable manner.

25.     All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective due to inadequate warning and/or instruction, that when said Products left the hands and control of these Defendants, these Defendants knew or should have known that the Products were such to create an unreasonable risk of harm to consumers, and these Defendants failed to exercise reasonable care to warn of said risks.

26.     All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective due to inadequate post market warnings and/or instructions in that, when said Products left the hands and control of these Defendants, these Defendants knew or should have known of the risks involved with the use of said Products and failed to exercise reasonable care to provide adequate warning(s).

27.     All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective in that, when said Products left the hands and control of these Defendants, said Products did not conform to representations of these Defendants that said

Products were safe for use by or on consumers, which the Plaintiff relied upon while using these Defendants' Products, which resulted in injury, harm, and damage.

28.     Prior to receiving Pre-Market Approval from the FDA, all named Defendants knew that the Products were defective, malfunctioning or otherwise failing in the manner contemplated in the Class I recalls described in Paragraph 12, however willfully and knowingly withheld knowledge of the defect, malfunction or failure from the FDA in direct violation of federal law including but not limited to Section 513(a) of the Federal Food, Drug & Cosmetic Act.

29.     As a direct and proximate result of the tortious conduct of all Defendants, their agents, servants and/or employees violated ORC §2307.72 through §2307.80.

30.     As a direct and proximate result of the defective condition of these Defendants' Products which were manufactured, designed, tested, modified, marketed and/or distributed by these Defendants, and the tortious conduct of these Defendants, Plaintiff sustained serious personal injuries, emotional distress, psychological injuries, distress, economic losses, medical expenses, disability, expense, non-economic damages, economic losses, permanent and fatal injuries, conscious pain and suffering, along with mental anguish from the time of the negligence until present.

### THIRD CAUSE OF ACTION
(Punitive Damages)

31.     Plaintiff realleges and reavers all of the allegations contained in Paragraph 1 - 30 as if fully rewritten herein.

32.     The above referenced acts of Defendants, their agents, servants and/or employees were willful and malicious, in that these Defendants' conduct was carried on with a conscious, reckless and/or flagrant disregard for the safety and rights of the

Plaintiff. The unconscionable conduct of these Defendants, their agents, servants and/or employees thereby warrants assessment of exemplary and punitive damages.

33. The conduct of these Defendants, their agents, servants and/or employees was flagrant, willful, wanton, malicious and reckless; and these Defendants' conduct was carried on with the conscious and flagrant disregard of the risk of serious injury or damages to the consumer and/or patient; the risk of serious bodily injury, and therefore warrants punitive damages.

WHEREFORE, Plaintiff prays for judgment against the above-named Defendants, agents, servants and/or employees jointly and severally, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with interest, costs, expenses, and any other relief that this Court deems proper and that justice requires.

Respectfully submitted,

PERANTINIDES & NOLAN CO., L.P.A.


*/s/ Matthew A. Mooney*
PAUL G. PERANTINIDES (0006618)
MATTHEW A. MOONEY (0093332)
Attorneys for Plaintiff
300 Courtyard Square
80 South Summit Street
Akron, OH 44308-1736
(330) 253-5454
(330) 253-6524 Fax
Email: paul@perantinides.com
        mmooney@perantinides.com

8

## JURY DEMAND

Plaintiff herein hereby demands a trial by jury on all issues contained in Plaintiff's

Complaint.

/s/ Matthew A. Mooney
PAUL G. PERANTINIDES (0006618)
MATTHEW A. MOONEY (0093332)
Attorneys for Plaintiff

PGP/MAM:nd

ORIGIN ID:BKLA     (216) 443-7950
CCOC

1200 ONTARIO

CLEVELAND, OH 44113
UNITED STATES US

SHIP DATE: 26NOV19
ACTWGT: 1.00 LB
CAD: 106501655/WSXI2900

BILL SENDER

TO  **MEDTRONIC USA, INC.**

**CO CORPORATION SERVICE COMPANY, S/A**
**50 W. BROAD ST, SUITE 1330**
**COLUMBUS OH 43215**
(216) 443-7950          REF: CV19925816
INV: 40448849
PO:                          DEPT:





FedEx.
Express

MON - 02 DEC 4:30P
EXPRESS SAVER
DSR
43215
OH-US  LCK

TRK#
0201   **7783 2125 0779**

**SX GQQA**





xpress

Extremely Urgent





SOP / ALL
**Transmittal Number: 20782433**
**Date Processed: 12/04/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Vicki Ann Swanson<br>Medtronic<br>710 Medtronic Pkwy<br>Minneapolis, MN 55432-5603 |
| **Electronic copy provided to:** | Jackie Hiltner |

| | |
|---|---|
| **Entity:** | Medtronic USA, Inc.<br>Entity ID Number  3810351 |
| **Entity Served:** | John Doe, Inc. 1-10 c/o Medtronic USA, Inc. |
| **Title of Action:** | Brenda Parrish, as Administratrix of the Estate of Kyle J. Parrish vs. Medtronic USA,  Inc. |
| **Matter Name/ID:** | Brenda Parrish, as Administratrix of the Estate of Kyle J. Parrish vs. Medtronic USA,  Inc. (9821424) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Cuyahoga County Court of Common Pleas, OH |
| **Case/Reference No:** | CV19925816 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 12/02/2019 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Federal Express |
| Sender Information: | Matthew A. Mooney<br>330-253-5454 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|----------|----|-------------|
| CV19925816 | D4 FX | 40449852 |

Rule 4 (B) Ohio

Rules of Civil Procedure

| | |
|---|---|
| BRENDA PARRISH, INDIVIDUALLY ETC. | **PLAINTIFF** |
| VS | |
| MEDTRONIC USA, INC. ET AL | **DEFENDANT** |

## SUMMONS

JOHN DOE, INC. 1-10
C/O MEDTRONIC USA, INC.
50 W. BROAD ST, SUITE 1330
COLUMBUS OH 43215

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

#### Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

MATTHEW A. MOONEY
80 SOUTH SUMMIT ST

STE 300
AKRON, OH 44308-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

#### Case has been assigned to Judge:

JOSEPH D RUSSO
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT |
|-----------|
| Nov 26, 2019 |

By_____
Deputy

COMPLAINT FILED   11/26/2019

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

### Court of Common Pleas

New Case Electronically Filed:
November 26, 2019 10:01

By: MATTHEW A. MOONEY 0093332

Confirmation Nbr. 1879189

BRENDA PARRISH, INDIVIDUALLY ETC.                    CV 19 925816

     vs.

MEDTRONIC USA, INC. ET AL                    **Judge:** JOSEPH D. RUSSO

Pages Filed: 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| BRENDA PARRISH, INDIVIDUALLY<br>AND AS ADMINISTRATRIX OF THE<br>ESTATE OF KYLE J. PARRISH<br>417 Deersville Rd.<br>Uhrichville OH 44683<br><br>     Plaintiff<br><br>vs.<br><br>MEDTRONIC USA, INC.<br>c/o Corporation Service Company,<br>Statutory Agent<br>50 W. Broad St, Suite 1330<br>Columbus, OH 43215<br><br>and<br><br>MEDTRONIC, INC.<br>c/o Corporation Service Company,<br>Statutory Agent<br>50 W. Broad St, Suite 1330<br>Columbus, OH 43215<br><br>and<br><br>HEARTWARE INTERNATIONAL INC.<br>500 Old Connecticut Path<br>Framingham, MA  01701<br><br>and<br><br>JOHN DOE, INC. 1-10<br>c/o Medtronic USA, Inc.<br>50 W. Broad St, Suite 1330<br>Columbus, OH 43215<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. _____<br><br>JUDGE _____<br><br><br>**COMPLAINT**<br><br><br>Type:  **TORT; PRODUCT LIABILITY;<br>      WRONGFUL DEATH**<br><br>**JURY DEMAND ENDORSED<br>HEREON** |

Now comes the Plaintiff, Brenda Parrish, Individually and as Administratrix of the Estate of Kyle J. Parrish, by and through undersigned Counsel, and for her Complaint states the following:

## FIRST CAUSE OF ACTION
(Wrongful Death)

1.     At all times referenced herein, Plaintiff Brenda Parrish, Individually and as Administratrix of the Estate of Kyle J. Parrish, was a resident of the City of Uhrichsville, County of Tuscarawas, and the State of Ohio.

2.     Plaintiff was appointed Administratrix of the Estate of Kyle J. Parrish, Deceased, by the Probate Court of Tuscarawas County, Ohio being Case Number 2018 ES 59626.  The Plaintiff brings this action as personal representative for the exclusive benefit of the surviving next of kin of the Decedent, Kyle J. Parrish.

3.     That as a direct and proximate result of the joint, combined, and concurrent negligence, recklessness, willful and wanton conduct of the Defendants, their agents, servants and employees, the Decedent, Kyle J. Parrish died on November 27, 2017.  Kyle J. Parrish is survived  by  Brenda Parrish and other next of kin, all whom are beneficiaries of this action.

4.     The beneficiaries and next of kin of Kyle J. Parrish have suffered damages for the loss of services for the time that he was expected to live.

5.     The beneficiaries of Kyle J. Parrish have suffered damages for the loss of society over his life expectancy, including the loss of companionship, care, assistance, attention, advice, counsel, guidance, comfort, society, and consortium.

6.     The beneficiaries and next of kin of Kyle J. Parrish have suffered damages for the mental anguish caused by his death and his pain and suffering.

7.     The beneficiaries and next of kin of Kyle J. Parrish have suffered damages which are otherwise recoverable under O.R.C. 2125.02.

8.      That the Estate of Kyle J. Parrish has incurred reasonable funeral and burial expenses.

9.      All named Defendants are engaged in the manufacture, marketing, sale and distribution of ventricular assist medical devices along with related accessories and services to consumers and the public at large through medical services providers, healthcare systems, surgical services providers, and/or other entities involved in the commercial market of medical devices in the State of Ohio.

10.     All named Defendants are authorized to do business and are doing business in the State of Ohio, including Cuyahoga County.

11.     All named Defendants sold, marketed and/or distributed ventricular assist medical device(s) and/or batteries(s) and/or ventricular assist medical device power system(s) and/or battery recharging systems(s) and/or accompanying equipment/accessories/component parts used by Plaintiff Kyle Parrish on or about November 27, 2017 (hereinafter referred to as "Products").

12.     All named Defendants' aforementioned Products were found to be defective, malfunctioned or otherwise failed while in use by Plaintiff Kyle Parrish, such devices were subject to Class I recalls to specifically include Class I recall by the FDA on May 2, 2018, and were defective, malfunctioned, or otherwise failed in a manner contemplated by said Class I recalls.

13.     Prior to receiving Pre-Market Approval from the FDA, Defendants knew that the Products were defective, malfunctioning or otherwise failing in the manner contemplated in the Class I recalls described in Paragraph 12, however willfully and knowingly withheld knowledge of the defect, malfunction or failure from the FDA in

direct violation of federal law including but not limited to Section 513(a) of the Federal Food, Drug & Cosmetic Act.

14.     Defendants John Doe Inc. 1-10 are individuals, corporations and/or legal entities that sold, marketed and/or distributed defective, malfunctioning or otherwise failing Products in the State of Ohio to consumers, including Plaintiff, the identity of such Defendants being unknown despite diligent efforts to ascertain their identities.

## SECOND CAUSE OF ACTION
(Product Liability)

15.     Plaintiff realleges and reavers all of the allegations contained in Paragraph 1 - 14 as if fully rewritten herein.

16.     All named Defendants acting by and through their authorized agents, employees and servants, were negligent and/or careless in the design, testing, formulation, manufacture, product warning and/or modification of the aforesaid Products.

17.     All named Defendants failed to exercise reasonable care to prevent the Products from creating an unreasonable risk of harm to the Plaintiff while it was being used in a manner in which Defendant should have reasonably expected.

18.     All named Defendants failed to exercise reasonable care in the design, testing, manufacture, construction, marketing, product warning and or modification of the Products to assure that it was safe for its intended use.  Such negligent design, testing, manufacture, modification, marketing, product warning, and distribution of the aforesaid Products by these Defendants was unreasonably and inherently dangerous to human health and safety which existed at the time the Products left the hands of these Defendants until it caused injury and harm to Plaintiff.

19. All named Defendants maliciously, recklessly and negligently failed to exercise ordinary care in the testing, manufacture, formulation, design, modification, marketing, product warning and/or distribution of the aforementioned Products.

20. All named Defendants maliciously, recklessly and negligently failed to exercise reasonable care in warning consumers, to include the Plaintiff, of the risks, dangers and/or defects existing of said Products, as they knew or should have known of the defects and inherent dangers of said Products.

21. All named Defendants maliciously, recklessly and negligently failed to exercise reasonable care in post marketing warnings as to the risks, dangers and/or defects existing in said Products or they knew or should have known the defects and inherent dangers of said Products.

22. All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants, their agents, servants and/or employees was defective in testing, manufacture, formulation, and/or design that when said Products left the hands and control of these Defendants, it deviated materially from the industry performance standards, and/or differed from otherwise identical units manufactured to the same design formula and/or specifications.

23. All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants was defective in design and/or formulation in that, when it left the hands and control of these Defendants, the foreseeable risk of harm i.e., malfunctioning and/or catastrophic explosion of these Defendants' aforementioned Products associated with the design and/or formulation, exceeded its benefits.

5

24.     All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants was defective in design and/or formulation in that, when said Products left the hands and control of these Defendants, said Products were more dangerous than an ordinary and reasonably prudent consumer would expect when used in its reasonably foreseeable manner.

25.     All named Defendants' aforementioned Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective due to inadequate warning and/or instruction, that when said Products left the hands and control of these Defendants, these Defendants knew or should have known that the Products were such to create an unreasonable risk of harm to consumers, and these Defendants failed to exercise reasonable care to warn of said risks.

26.     All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective due to inadequate post market warnings and/or instructions in that, when said Products left the hands and control of these Defendants, these Defendants knew or should have known of the risks involved with the use of said Products and failed to exercise reasonable care to provide adequate warning(s).

27.     All named Defendants' Products which were tested, manufactured, formulated, designed, modified, marketed, and/or distributed by these Defendants were defective in that, when said Products left the hands and control of these Defendants, said Products did not conform to representations of these Defendants that said

6

Products were safe for use by or on consumers, which the Plaintiff relied upon while using these Defendants' Products, which resulted in injury, harm, and damage.

28.    Prior to receiving Pre-Market Approval from the FDA, all named Defendants knew that the Products were defective, malfunctioning or otherwise failing in the manner contemplated in the Class I recalls described in Paragraph 12, however willfully and knowingly withheld knowledge of the defect, malfunction or failure from the FDA in direct violation of federal law including but not limited to Section 513(a) of the Federal Food, Drug & Cosmetic Act.

29.    As a direct and proximate result of the tortious conduct of all Defendants, their agents, servants and/or employees violated ORC §2307.72 through §2307.80.

30.    As a direct and proximate result of the defective condition of these Defendants' Products which were manufactured, designed, tested, modified, marketed and/or distributed by these Defendants, and the tortious conduct of these Defendants, Plaintiff sustained serious personal injuries, emotional distress, psychological injuries, distress, economic losses, medical expenses, disability, expense, non-economic damages, economic losses, permanent and fatal injuries, conscious pain and suffering, along with mental anguish from the time of the negligence until present.

### THIRD CAUSE OF ACTION
(Punitive Damages)

31.    Plaintiff realleges and reavers all of the allegations contained in Paragraph 1 - 30 as if fully rewritten herein.

32.    The above referenced acts of Defendants, their agents, servants and/or employees were willful and malicious, in that these Defendants' conduct was carried on with a conscious, reckless and/or flagrant disregard for the safety and rights of the

Electronically Filed 11/26/2019 10:01 / / CV 19 925816 / Confirmation Nbr. 1879189 / CLJSZ

Plaintiff. The unconscionable conduct of these Defendants, their agents, servants and/or employees thereby warrants assessment of exemplary and punitive damages.

33. The conduct of these Defendants, their agents, servants and/or employees was flagrant, willful, wanton, malicious and reckless; and these Defendants' conduct was carried on with the conscious and flagrant disregard of the risk of serious injury or damages to the consumer and/or patient; the risk of serious bodily injury, and therefore warrants punitive damages.

WHEREFORE, Plaintiff prays for judgment against the above-named Defendants, agents, servants and/or employees jointly and severally, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with interest, costs, expenses, and any other relief that this Court deems proper and that justice requires.

Respectfully submitted,

PERANTINIDES & NOLAN CO., L.P.A.

/s/ Matthew A. Mooney
PAUL G. PERANTINIDES (0006618)
MATTHEW A. MOONEY (0093332)
Attorneys for Plaintiff
300 Courtyard Square
80 South Summit Street
Akron, OH 44308-1736
(330) 253-5454
(330) 253-6524 Fax
Email: paul@perantinides.com
        mmooney@perantinides.com

## **JURY DEMAND**

Plaintiff herein hereby demands a trial by jury on all issues contained in Plaintiff's

Complaint.

/s/ Matthew A. Mooney
PAUL G. PERANTINIDES (0006618)
MATTHEW A. MOONEY (0093332)
Attorneys for Plaintiff

PGP/MAM:nd

Electronically Filed 11/26/2019 10:01 / / CV 19 925816 / Confirmation Nbr. 1879189 / CLJSZ





ORIGIN ID:BKLA    (216) 443-7950
CCOC

1200 ONTARIO

CLEVELAND, OH 44113
UNITED STATES US

SHIP DATE: 26NOV19
ACTWGT: 1.00 LB
CAD: 108501655/WSXI2900

BILL SENDER

TO  **JOHN DOE, INC. 1-10**

**C/O MEDTRONIC USA, INC.**
**50 W. BROAD ST, SUITE 1330**
**COLUMBUS OH 43215**
(216) 443-7950        REF: CV19925816
INV: 40449852
PO:                    DEPT:



**FedEx**
Express

E

TRK#
0201   **7783 2125 3219**

MON - 02 DEC 4:30P
EXPRESS SAVER
DSR
43215
OH-US   LCK

**SX GQQA**



**Express**

Extremely Urgent

®

